NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2306
_____

THOMAS M. BOLICK,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA;
PENNSYLVANIA STATE POLICE; CHUCK COBAUGH, State Trooper;
STATE TROOPER JOHN AND JANE DOE; NORTHUMBERLAND COUNTY;
NORTHUMBERLAND COUNTY DISTRICT ATTORNEY'S OFFICE; ANTHONY J.
ROSINI, District Attorney; JOHN P. MUNCER, ESQ., Assistant District Attorney;
GEORGE NAGLE, ESQ., Public Defender; PUBLIC DEFENDER'S OFFICE OF
NORTHUMBERLAND
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 10-cv-01461)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 27, 2012

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Filed: March 29, 2012  )
_____

OPINION OF THE COURT
_____

PER CURIAM.

Thomas M. Bolick appeals pro se from the District Court's order dismissing his amended complaint for failure to state a claim upon which relief can be granted, and from a subsequent order denying reconsideration. For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, we need only summarize the facts and procedural history of this case. Bolick was represented by counsel in the District Court. In an amended complaint, he alleged that he was "fraudulently convicted and sentenced" in 1981 in Northumberland County, Pennsylvania, after pleading guilty to a charge of robbery. In 2007, long after his ten-year maximum sentence had expired, Bolick filed various pleadings in the trial court, including a proposed order seeking to vacate/strike the 1981 conviction. Despite having rejected Bolick's related submissions, Judge Robert B. Sacavage signed and filed the proposed order in June 2007. The order stated that the 1981 judgment "is void on its face for lack of jurisdiction due to *fraud upon the court*."

Bolick alleges that Judge Sacavage thereafter had an ex parte conference with Chuck Cobaugh, an employee of the Pennsylvania State Police. (Bolick had informed the State Police of the court's order in an effort to clear his criminal record.) Judge Sacavage then filed an order in November 2007 vacating his June 2007 order. Judge Sacavage explained that the June order was "inadvertently signed," that he had "intended to deny [Bolick's] Proposed Order," and that he had "previously disposed of this issue" by entering an order in May 2007 denying Bolick's petition to strike/open the conviction.

2

Bolick appealed to the Pennsylvania Superior Court, which held that Judge Sacavage's June and November orders were both "legal nullities" because the time in which to modify the earlier order denying Bolick's petition to strike/open had expired. The Superior Court thus quashed Bolick's appeal and remanded for the trial court to vacate the June and November orders and to reinstate a May 25, 2007, order denying Bolick's petition to strike/open the 1981 judgment. The Pennsylvania Supreme Court denied Bolick's petition for allowance of appeal.

In the present suit, Bolick complains that the "fraudulent" 1981 conviction remains on his criminal record, that the conviction "no longer exists" in light of Judge Sacavage's June 2007 order, and that certain defendants conspired to violate his rights in connection with the alleged ex parte conference with Judge Sacavage. Bolick sought damages under 42 U.S.C. § 1983 for alleged violations of his First, Fourth, Eighth, and Fourteenth Amendment rights, as well as damages based on state-law claims of false reports, defamation, and civil conspiracy.

The District Court granted defendants' motions to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) and denied Bolick's motion for a default judgment against Northumberland County. The District Court noted that Bolick agreed to the dismissal of his claims against the following defendants: the Commonwealth of Pennsylvania; the Pennsylvania State Police; the Northumberland County Public Defender's Officer; George Nagle; and the Northumberland County District Attorney's Office.

3

As to the remaining defendants – Cobaugh, Anthony J. Rosini, John P. Muncer (Rosini and Muncer are prosecutors), and Northumberland County – the District Court held that Bolick failed to state a viable claim for relief under federal or state law. Among other things, the District Court observed that Heck v. Humphrey, 512 U.S. 477 (1994), bars any § 1983 claim that would necessarily imply the invalidity of the 1981 conviction, that the public record contradicts Bolick's assertion that his 1981 conviction is invalid, thereby undermining many of his claims, and that Bolick failed to point to a policy or custom to support a municipal liability claim against Northumberland County. After the District Court denied Bolick's timely filed motion for reconsideration, Bolick timely filed a pro se notice of appeal.

II.

We have appellate jurisdiction under 28 U.S.C. § 1291. "Our review of a district court's order of dismissal of a complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted, is plenary and we apply the same test as the district court." Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 183 (3d Cir. 2000). "We review a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations de novo and factual determinations for clear error." Howard Hess Dental Labs. Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 246 (3d Cir. 2010).

As a preliminary matter, it is clear that Bolick, through his counsel, expressly waived all claims against several defendants in response to the motions to dismiss.

4

Consequently, the only issues properly raised on appeal concern the four remaining defendants: Cobaugh, Rosini, Muncer, and Northumberland County. Furthermore, as to Rosini and Muncer, Bolick waived his § 1983 claims, and as to Northumberland County, he waived his state-law claims. We review only those claims that Bolick did not waive in the District Court.

Turning to the merits, we discern no error in the District Court's analysis and fully agree with its reasons for holding that Bolick failed to state a federal or state-law claim upon which relief can be granted.

Bolick contends that the District Court erred by not accepting as true his contentions that the 1981 conviction is "fraudulent" and that it was "invalidated" by Judge Sacavage's June 2007 order. However, when ruling on a motion to dismiss, a court is permitted to look to matters of public record, including "criminal case dispositions," Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir. 1993), and "a prior judicial opinion." McTernan v. City of York, Pa., 577 F.3d 521, 526 (3d Cir. 2009). The District Court here properly took note of the public record regarding Bolick's 1981 conviction, including the Superior Court's ruling that Judge Sacavage's June 2007 order is a "legal nullity."

To survive a motion to dismiss, Bolick had to plead "facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To the extent that Bolick's claims hinge upon the untenable assertion that his 1981 conviction is somehow invalid or fraudulent, those claims do not pass the plausibility

5

test. And while Bolick insists that the Superior Court improperly vacated Judge Sacavage's June 2007 order, see, e.g., Appellant's Br. at 9-11, the fact remains that the Superior Court *did* vacate the June 2007 order, and therefore the 1981 conviction undoubtedly still stands. On this record, we are satisfied that the District Court did not err in its application of the Rule 12(b)(6) standard.

We also agree with the District Court that Bolick's § 1983 claims are barred at least in part under Heck to the extent that a judgment in Bolick's favor would necessarily imply the invalidity of the 1981 conviction. As the Court held in Heck, "to recover damages for allegedly unconstitutional ... harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal *authorized to make such determination*, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486-87 (footnote omitted, emphasis added). As mentioned, the Superior Court held that Judge Sacavage's June 2007 order was unauthorized, and therefore Bolick's conviction remains valid for purposes of the Heck rule.

## III.

We have considered Bolick's remaining arguments, including any challenge that he may be raising to the denial of his motion for reconsideration, but we find those

arguments without merit and in need of no separate discussion.  We will affirm the

District Court's judgment.[1]

---

[1] Bolick's motion to strike the brief of appellees Commonwealth of Pennsylvania, et al., is denied.  Contrary to Bolick's contention, the Clerk granted appellees' motion for an extension of time, and appellees filed their brief within the time permitted.  While appellees did not initially submit a certificate of service with the brief, they promptly filed a certificate after the Clerk notified them of the deficiency.