**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4427
_____

THOMAS M. BOLICK,
                                        Appellant

v.

HONORABLE ROBERT B. SACAVAGE;
HONORABLE ANNE E. THOMPSON
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-00320)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2015

Before:  FISHER, KRAUSE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 13, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Thomas Bolick appeals pro se from the United States District Court for the Eastern District of Pennsylvania's ("the District Court") September 2014 order dismissing his civil rights complaint, and from that court's October 2014 order denying his motions for reconsideration and recusal. For the reasons that follow, we will modify the September 2014 order in part, affirm that order as modified, and affirm the October 2014 order.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only to the extent necessary to resolve this appeal. In 1981, the Court of Common Pleas of Northumberland County, Pennsylvania, sentenced Bolick to 2.5 to 10 years in prison after he pleaded guilty to robbery. In March 2007 (long after the expiration of his sentence), Bolick filed a pro se civil motion with the trial court, seeking to vacate/strike the 1981 judgment. The motion was assigned to Judge Robert B. Sacavage, who denied it in May 2007. Bolick then reiterated his request for relief on that motion, and submitted a proposed order that would vacate/strike the 1981 judgment "for lack of jurisdiction due to fraud upon the court." Judge Sacavage signed this proposed order in June 2007, but he vacated it in November 2007, stating that the proposed order had been inadvertently signed and that he had intended to deny it.

Bolick appealed to the Pennsylvania Superior Court, which concluded that Judge Sacavage's June 2007 and November 2007 orders were legal nullities because the time in

2

which to modify the May 2007 order denying Bolick's motion to vacate/strike had expired before the June 2007 order was entered. As a result, the Superior Court quashed the appeal and remanded with instructions that the trial court vacate the June 2007 and November 2007 orders and reinstate the May 2007 order. After the Pennsylvania Supreme Court denied Bolick's petition for allowance of appeal, Judge Sacavage, in October 2009, entered an order reinstating the May 2007 order.

In 2010, Bolick filed a civil action in the Bucks County Court of Common Pleas against a host of Commonwealth defendants. The case, which was removed to the District Court and assigned to the Honorable Anne E. Thompson (who was sitting by designation), concerned Bolick's 1981 judgment and the proceedings before Judge Sacavage. Judge Thompson ultimately granted the defendants' motions to dismiss Bolick's amended complaint for failure to state a claim upon which relief can be granted, and she subsequently denied Bolick's motion for reconsideration. We later affirmed Judge Thompson's rulings. See Bolick v. Pennsylvania, 473 F. App'x 136, 137 (3d Cir. 2012) (per curiam).

In January 2014, Bolick commenced the instant lawsuit by filing a pro se civil rights complaint in the District Court against Judge Sacavage and Judge Thompson. The complaint, which was assigned to the Honorable C. Darnell Jones, II, revolved around Bolick's contention that the June 2007 order remains valid and that Judge Sacavage "illegally reinstate[d]" Bolick's "fraudulent" 1981 conviction. Bolick argued that the

3

Superior Court's decision and Judge Sacavage's October 2009 order reinstating the May 2007 order should be deemed void.

Judge Sacavage moved to dismiss the complaint, arguing that Bolick's complaint was barred by, inter alia, the Rooker-Feldman doctrine, Eleventh Amendment sovereign immunity, the applicable statute of limitations, Heck v. Humphrey, 512 U.S. 477 (1994), and the doctrine of judicial immunity. In September 2014, Judge Jones granted Judge Sacavage's motion to dismiss, and also sua sponte dismissed the complaint as to Judge Thompson. In doing so, Judge Jones concluded that Bolick's complaint was barred by the statute of limitations, Heck, and the doctrine of judicial immunity. Judge Jones's opinion did not discuss whether the complaint was also barred by the Rooker-Feldman doctrine and/or the Eleventh Amendment.

Bolick timely moved for reconsideration of Judge Jones's order and also sought Judge Jones's recusal. In October 2014, Judge Jones denied both of those motions. Bolick then filed this timely appeal, seeking review of Judge Jones's two orders.[1]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of Judge Jones's order dismissing Bolick's complaint is plenary. See Allah v. Seiverling,

---

[1] Bolick's one-page, typed notice of appeal includes a handwritten note that reads "AND/OR PETITION FOR MANDAMUS." Because the two orders that he seeks to challenge may be reviewed in this appeal, mandamus relief is not warranted here. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996) (explaining that mandamus is not a substitute for an appeal, and that "a writ of mandamus may not issue if a petitioner can obtain relief by appeal").

4

229 F.3d 220, 223 (3d Cir. 2000). As for Judge Jones's order denying Bolick's motions for reconsideration and recusal, we review both of those denials for abuse of discretion. See Long v. Atl. City Police Dep't, 670 F.3d 436, 446 (3d Cir. 2012) (motion for reconsideration); Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (motion to recuse). We may affirm Judge Jones's orders on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The United States Supreme Court has explained that "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction." Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422, 430-31 (2007); see Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) (noting that a dismissal for failure to state a claim upon which relief can be granted is a judgment on the merits). As noted above, Judge Sacavage's motion to dismiss argued that Bolick's complaint was barred by, inter alia, the Rooker-Feldman doctrine and the Eleventh Amendment. Both of those grounds are jurisdictional in nature. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (Rooker-Feldman); Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996) (Eleventh Amendment). Judge Jones did not consider either of these grounds, instead disposing of Bolick's complaint on three non-jurisdictional grounds: Heck, the statute of limitations, and the doctrine of judicial immunity. See Polzin v. Gage, 636 F.3d 834, 837 (7th Cir. 2011) (per curiam) (stating that Heck doctrine is not jurisdictional); Jiron v. City of Lakewood, 392

5

F.3d 410, 413 n.1 (10th Cir. 2004) (same); Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009) (discussing equitable tolling of statute of limitations in civil rights actions); Shendock v. Dir., Office of Workers' Comp. Programs, 893 F.2d 1458, 1466 (3d Cir. 1990) (en banc) (explaining that equitable tolling "is not available when there are jurisdictional limitations"); Melo v. Hafer, 13 F.3d 736, 744-45 (3d Cir. 1994) (indicating that judicial immunity defense is properly raised in a motion to dismiss *for failure to state a claim upon which relief can be granted*).  Remand is not necessary, however, because, as explained below, the question of whether the District Court had jurisdiction in this case is straightforward and can be answered based on the current record.

The Rooker-Feldman doctrine bars a federal court from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  Four requirements must be met for the doctrine to apply:  "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments."  Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (alterations in original) (quoting Exxon Mobil Corp., 544 U.S. at 284).  All of those requirements are satisfied here.  Bolick lost in state court, he complains of injuries brought about by the Superior Court's decision and Judge

6

Sacavage's subsequent order reinstating the May 2007 order, those decisions preceded this federal lawsuit, and he has asked the District Court to deem those state court decisions void. Accordingly, it was appropriate to grant Judge Sacavage's motion to dismiss on <u>Rooker-Feldman</u> grounds.[2]

To the extent that Bolick's complaint sought to assert separate claims against Judge Thompson, such claims were not barred by the <u>Rooker-Feldman</u> doctrine. Nor were they barred by the Eleventh Amendment, as that bar applies only to *state* actors. <u>See</u> <u>Betts v. New Castle Youth Dev. Ctr.</u>, 621 F.3d 249, 253-54 (3d Cir. 2010). However, for substantially the reasons given by Judge Jones, we agree that any claims against Judge Thompson *were* barred by the doctrine of judicial immunity.[3]

In light of the above, we will (1) modify Judge Jones's September 2014 order so that the grant of Judge Sacavage's motion to dismiss is based on the jurisdictional ground of <u>Rooker-Feldman</u>, and (2) affirm that order as modified. As for Judge Jones's October 2014 order denying Bolick's motions for reconsideration and recusal, we will affirm that order without any modifications. Bolick's motion for reconsideration did not provide any viable basis to disturb Judge Jones's dismissal of the complaint. <u>See</u> <u>Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999) (explaining that, to

---

[2] Given this conclusion, we need not decide whether dismissal of the complaint as to Judge Sacavage was also warranted on Eleventh Amendment grounds. <u>See</u> <u>Ruhrgas AG v. Marathon Oil Co.</u>, 526 U.S. 574, 578, 584 (1999) (explaining that "there is no unyielding jurisdictional hierarchy" or mandatory "sequencing of jurisdictional issues").

[3] We need not consider whether the claims against Judge Thompson were untimely and/or barred by <u>Heck</u>.

7

prevail on a motion for reconsideration, the movant must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided] the motion [in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice"). Nor has Bolick demonstrated that Judge Jones abused his discretion in denying the motion to recuse. Although Bolick claimed that Judge Jones was biased, those allegations were wholly unsupported and, it appears, amounted to nothing more than dissatisfaction with Judge Jones's September 2014 decision. See Securacomm Consulting, Inc., 224 F.3d at 278 ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal, and we reiterate that principal here.") (citation omitted).