In the

# United States Court of Appeals

## For the Seventh Circuit

No. 10-1545

GERALD L. POLZIN,

*Plaintiff-Appellant*,

*v.*

MICHAEL W. GAGE, et al.,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 1:10-cv-00038-WCG—**William C. Griesbach**, *Judge*.

SUBMITTED NOVEMBER 17, 2010*—DECIDED FEBRUARY 18, 2011

Before COFFEY, FLAUM and RIPPLE, *Circuit Judges*.

PER CURIAM. Gerald Polzin brought this action against
a state judge and other public officials under 42 U.S.C.

---

* The appellees were not served with process in the district
court and are not participating in this appeal. After examining
the appellant's brief and the record, we have concluded that
oral argument is unnecessary. Accordingly, the appeal is
submitted on the appellant's brief and the record. *See* Fed. R.
App. P. 34(a)(2)(C).

§ 1983, alleging that they had violated his constitutional rights during his sentencing proceedings in state court. The district court dismissed Mr. Polzin's complaint at screening and denied his subsequent postjudgment motion to reconsider or for leave to amend his complaint. Mr. Polzin appeals, and we affirm the judgment in part and vacate and remand in part.

# I

## BACKGROUND

In August 2005, Mr. Polzin pleaded guilty to six counts of sexually abusing two teenage boys. During the presentence investigation, Mr. Polzin claimed that as a child, his uncle, an Appleton, Wisconsin police officer, had sexually abused him. The presentence investigator informed the special prosecutor, and the special prosecutor requested an investigation by the Wisconsin Department of Justice, Division of Criminal Investigation ("DCI"). The Appleton police decided not to conduct a duplicate investigation of the matter.

At the sentencing hearing, the special prosecutor expressed doubts that Mr. Polzin actually was abused and opposed any mitigation based on evidence of past sexual abuse. The special prosecutor believed that Mr. Polzin was trying to recast himself as a victim in order to excuse his criminal behavior. The state trial judge doubted the thoroughness of the special prosecutor's investigation. The state trial judge ultimately considered the past sexual abuse "more probable than

not" and included it as a mitigating factor. Sent. Tr. at 123. Considering both aggravating and mitigating factors, the state trial judge sentenced Mr. Polzin to a thirty-year term of imprisonment.

Mr. Polzin appealed his conviction and filed a separate civil suit in state court. In the criminal appeal, the Court of Appeals of Wisconsin affirmed Mr. Polzin's conviction. The Supreme Court of Wisconsin denied Mr. Polzin's petition for review. *State v. Polzin*, 746 N.W.2d 810 (Wis. 2008) (table decision). Mr. Polzin then filed a postconviction motion for relief, which the state court denied. In November 2010, the Court of Appeals of Wisconsin affirmed the district court's denial of postconviction relief. *See State v. Polzin*, No. 2010AP167, 2010 WL 4643647 (Wis. Ct. App. Nov. 18, 2010) (per curiam).

The civil suit was an action in state court against the city of Appleton and members of its police force. Mr. Polzin alleged constitutional violations of his rights because the Appleton police did not conduct a duplicate investigation into his claims, the defendants exhibited disbelief that he previously was abused, and the defendants did not attempt to correct the special prosecutor's assessment of the investigation during the sentencing. The state court granted the defendants' joint motion for summary judgment, holding that the defendants were protected by qualified immunity and that Mr. Polzin failed to show any violation of constitutional rights or malice. The Court of Appeals of Wisconsin affirmed. *See Polzin v. City of Appleton*, No. 2007AP1528 (Wis. Ct. App. Feb. 26, 2008).

In January 2010, prior to the resolution of his motion for postconviction relief, Mr. Polzin brought this action in the United States District Court for the Western District of Wisconsin under 42 U.S.C. § 1983 against the special prosecutor, the state trial judge, the state trial court reporter and DCI investigators. Mr. Polzin alleged constitutional violations as a result of the special prosecutor and DCI investigators falsifying evidence during the investigation, the special prosecutor's presentation of false evidence during sentencing, and the state trial judge and court reporter's fabrication of the sentencing transcript.

The same day he filed his case in federal district court, Mr. Polzin asked the district court to stay the proceedings. He observed that because he had a post-conviction motion pending in state court, the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), would bar his claims until that conviction was overturned. The Supreme Court held in *Heck* that arguments attacking the validity of a conviction cannot be advanced under § 1983 unless the conviction or sentence previously has been invalidated. *Id.* at 486-87. Mr. Polzin explained that he nonetheless had filed an action because the statute of limitations would run on some of his claims if he waited to file until after the state resolved his claim for postconviction relief. Relying on *Wallace v. Kato*, 549 U.S. 384 (2007), he requested the district court stay the proceedings instead of dismissing the suit under *Heck*. In *Wallace*, the Supreme Court addressed the issue of whether a § 1983 claim for false arrest was filed timely. *See id.* at 386. The Court held that

the rule in *Heck* does not affect the date when a claim for false arrest under § 1983 accrues or when its statute of limitations is tolled. *Id.* at 393-95. Yet, in those cases where *Heck* would bar a civil action but the statute of limitations might run before the criminal case was complete, the Court commented that a district court had the discretion to stay the civil action. *Id.* at 393-94.

The district court denied Mr. Polzin's request to stay the proceedings. It characterized all of Mr. Polzin's claims to concern "the behavior of the prosecution in his sentencing and that of the court after sentencing." *Polzin v. Gage*, No. 10-C-38, 2010 WL 414906, at *4 (E.D. Wis. Jan. 28, 2010). *Wallace* dealt with the accrual date for a claim of false arrest. By contrast, in the district court's view, Mr. Polzin essentially alleged a claim of malicious prosecution, and, the district court observed, a claim for malicious prosecution does not accrue unless and until the allegedly malicious prosecution terminates in the plaintiff's favor. As a result, the district court found *Wallace* inapplicable to Mr. Polzin's complaint and denied the request to stay the case.

The district court did recognize, however, that *Heck* applied. It stated that if Mr. Polzin "were to prevail on his claims regarding his sentencing proceedings, it would necessarily call into question the validity of his sentence." *Id.* Because the district court found that *Heck* barred Mr. Polzin's complaint, it dismissed the complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Four days later, Mr. Polzin moved for reconsideration or, alternatively, for an opportunity to amend his com-

plaint. His request did not detail the basis for reconsideration, but, in denying the motion, the district court reiterated that the case was barred by *Heck*. The district court also added that, "even aside from *Heck v. Humphrey*, Polzin fails to state any claim that is cognizable under the Constitution." R.10 at 1. In particular, the court noted that the failure to investigate did not violate any of Mr. Polzin's constitutional rights. Additionally, the court determined that neither the state trial judge nor the court reporter had any role in investigating Mr. Polzin's allegations of sexual abuse and that, consequently, his decision to sue them was frivolous. The district court denied Mr. Polzin's motion for reconsideration.

## II

## DISCUSSION

On appeal, Mr. Polzin submits that the district court erred in dismissing his claims. We review de novo the dismissal of a complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. *See DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Mr. Polzin maintains that the district court improperly ruled on the merits of his claims. In his view, the district court could not address his constitutional arguments on the merits because *Heck* required the court to dismiss his case without prejudice.

The *Heck* doctrine is not a jurisdictional bar. *See Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999); *Nesses v.*

*Shepard*, 68 F.3d 1003, 1005 (7th Cir. 1995). Because it is not jurisdictional, the *Heck* defense is subject to waiver. *See Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999). We have implied, but never explicitly held in a published opinion, that district courts may bypass the question of whether *Heck* applies to decide a case on its merits. We now hold explicitly that district courts may bypass the impediment of the *Heck* doctrine and address the merits of the case. *Accord Jiron v. City of Lakewood*, 392 F.3d 410, 413 n.1 (10th Cir. 2004) (deciding to reach the merits of the claims without first addressing whether *Heck* applies because *Heck* is not jurisdictional).

We now proceed to the merits of Mr. Polzin's constitutional claims. Mr. Polzin contends that the state trial judge and court reporter falsified the transcripts of the special prosecutor's testimony; specifically, they eliminated portions where the judge allegedly scolded the special prosecutor for conducting a poor investigation. Mr. Polzin faces insuperable obstacles on these claims. A judge has absolute immunity for any judicial actions unless the judge acted in the absence of all jurisdiction. *See Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). The state trial judge had jurisdiction over Mr. Polzin during the sentencing, and so he has absolute immunity for his judicial actions.

The same absolute immunity does not extend to the court reporter. *See Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429 (1993); *Loubser*, 440 F.3d at 442. Mr. Polzin's contention against the court reporter nevertheless fails.

The portions of the transcripts that Mr. Polzin supplied to the district court illustrate that the court reporter in fact transcribed the state trial judge's doubts about the thoroughness of the special prosecutor's investigation. Mr. Polzin's exhibits are part of his complaint. Fed. R. Civ. P. 10(c). Because these attached exhibits contradict his claims, the district court was entitled to rely on them in dismissing the allegations against the court reporter.[1]

Mr. Polzin's claim against the special prosecutor for her courtroom conduct also cannot be maintained. It is unclear from the record whether the special prosecutor was acting in a prosecutorial role or as a witness testifying about her investigation undertaken by appointment of the court. Absolute immunity shields a person acting in either capacity—whether as a witness or as a prosecutor—from § 1983 liability when performing her duties in the judicial process. *See Briscoe v. LaHue*, 460 U.S. 325, 329-36 (1983) (witness and prosecutorial immunity); *Imbler v. Pachtman*, 424 U.S. 409, 420-29 (1976) (prosecutorial immunity).

Mr. Polzin also submits that, while the special prosecutor was performing an investigatory function, she

---

[1]   *See Chicago Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 466 (7th Cir. 2007) (concluding that the district court properly relied upon contracts attached to the complaint even when the contracts contradicted the complaint); *Flannery v. Recording Indus. Ass'n of America*, 354 F.3d 632, 638 (7th Cir. 2004) ("[W]hen a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint.").

and the DCI investigators violated his constitutional rights by failing to conduct a full investigation and by falsifying evidence to conceal information about his childhood sexual abuse. When the district court dismissed all claims, it neglected to mention Mr. Polzin's contentions regarding this out-of-court investigation. We therefore cannot be certain of the basis upon which they were dismissed, and so must remand on this point.

Accordingly, on remand, if the district court concludes that dismissal with prejudice is appropriate, it should explain the basis of its decision. If the district court decides that dismissal on the *Heck* doctrine alone is appropriate, it should dismiss that portion of Mr. Polzin's complaint without prejudice.

## Conclusion

For the foregoing reasons, the dismissal of Mr. Polzin's claims concerning the courtroom conduct of the special prosecutor, the state trial judge and the court reporter are affirmed. With respect to Mr. Polzin's claims against the special prosecutor and the DCI investigators regarding the out-of-court investigation of his allegations, the judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED and
REMANDED in part