# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 11-30111
Summary Calendar

August 19, 2011

Lyle W. Cayce
Clerk

TERRANCE T. BROWN,

Plaintiff–Appellant,

v.

MATT HILL; GEORGE BRITTON; SHANNON HARKINS; JAMES HINDMON; LARRY KNIGHT; LARRY LUDLOW; ROYCE TONEY,

Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:09-CV-2170

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Terrance T. Brown, who is now Louisiana prisoner # 432458, appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint regarding his arrest and prosecution, and he moves this court for leave to proceed in forma pauperis (IFP). By moving for leave to proceed IFP, Brown is challenging the district court's certification that his appeal is not taken in good

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30111

faith because it is frivolous. *See* 28 U.S.C. § 1915(a)(3); *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Brown's claims against Matt Hill, Shannon Harkins, James Hindmon, Larry Knight, and Larry Ludlow, the Ouachita Parish Sheriff's Office investigating and arresting deputies; Royce Toney, the Ouachita Parish Sheriff; and George Britton, his state court-appointed defense counsel, are based on the alleged illegality of his arrest. The district court granted summary judgment in favor of these defendants, concluding that Brown's claims were barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), and, alternatively, that the claims failed on the merits. The district court's reliance on *Heck* was misplaced, as there is insufficient information in the record to determine whether Brown's probation revocation was based on the allegedly illegal arrest or whether any evidence obtained as a result of Brown's arrest was used to secure the revocation of his probation. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995) (per curiam).

The district court's grant of summary judgment on the merits was proper, however. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (per curiam) ("[D]istrict courts may bypass the impediment of the *Heck* doctrine and address the merits of the case."). Brown's claims are based on the alleged illegality of his arrest, specifically, that the police officers who arrested him lacked probable cause to do so. Brown does point to summary judgment evidence challenging the police officers' sworn statements that he confessed to involvement in a burglary prior to his arrest. He does not point to any evidence, though, contradicting the officers' sworn statements that Brown's three accomplices informed police of his participation in the crime, leading to his arrest. Thus, probable cause existed for Brown's arrest because a reasonable person could have concluded, based on the information known to the officers at the time of Brown's arrest, that Brown had committed an offense. *See United States v. Castro*, 166 F.3d 728, 733 (5th Cir. 1999) (en banc) (per curiam). Because all of Brown's claims hinge on the

No. 11-30111

illegality of his arrest, the district court properly granted summary judgment in favor of the defendant police officers, sheriff, and defense counsel.

The district court also dismissed Brown's claim against Ellen Eade, the prosecuting assistant district attorney, on the basis of absolute prosecutorial immunity. Brown has failed to identify an error in the district court's analysis regarding Eade's entitlement to absolute prosecutorial immunity and has, therefore, abandoned the issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent that Brown asserts that the District Attorney's office or Sheriff's office withheld favorable evidence, that claim is raised for the first time on appeal and is therefore waived. *See Jennings v. Owens*, 602 F.3d 652, 657 n.7 (5th Cir. 2010).

Brown's appeal is without arguable merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (per curiam). The IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202; 5th Cir. R. 42.2.

IFP MOTION DENIED; APPEAL DISMISSED.