NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 8, 2013[*]
Decided February 8, 2013

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS , *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1948

| | |
|---|---|
| GERALD L. POLZIN, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 10-C-38 |
| | |
| SHAWN MUTTER and | William C. Griesbach, |
| BRADLEY T. KUST, | *Judge.* |
| *Defendants-Appellees.* | |

**O R D E R**

---

[*]After examining the appellant's brief and the record, we have concluded that oral argument is unnecessary. Therefore the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

This lawsuit is before us a second time. Gerald Polzin is serving 35 years in a Wisconsin prison after pleading guilty to child sex offenses. In this action under 42 U.S.C. § 1983, Polzin sued the state judge who presided over his criminal case, the prosecutor, a court reporter, and an investigator for the Wisconsin Department of Justice. His original complaint raised a variety of constitutional claims, all of them relating to the defendants' response to what he characterizes as "mitigating evidence" of sexual abuse he allegedly suffered as a child. Polzin essentially contended that his allegation of past abuse was belittled as a lame excuse for his own crimes instead of being taken seriously and investigated thoroughly. Previously we upheld (on immunity grounds, mostly) the dismissal of Polzin's suit to the extent that it concerned the courtroom conduct of the judge, the prosecutor, and the court reporter. *Polzin v. Gage*, 636 F.3d 834, 838–39 (7th Cir. 2011). Yet as far as the out-of court investigation conducted by the prosecutor and investigator, the district court had not said clearly whether it dismissed Polzin's suit on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994), or for failure to state a claim. *Polzin*, 636 F.3d at 838–39. The court's written decision had given prominence to *Heck*, but the dismissal with prejudice was inconsistent with that analysis. We thus remanded for the district court to clarify its decision. *Id.* at 839.

On remand the district court bypassed the question of *Heck* and allowed Polzin to amend his complaint. As the court understood this revision, Polzin was claiming that the prosecutor and investigator had done too little to investigate his allegation of childhood sexual abuse and then "lied" to the sentencing judge by expressing doubt about the veracity of his allegation. In the court's view, this theory constituted "at most a due process claim" under *Brady v. Maryland*, 373 U.S. 83 (1963). But after allowing discovery, the court granted summary judgment for the prosecutor and investigator, reasoning that Polzin had failed to produce any evidence corroborating his allegation of past abuse. And even if Polzin had succeeded in developing corroborating evidence, the court added, the defendants' disbelief that he was sexually abused could not have caused him prejudice because the sentencing judge found it "more probable than not" that he was abused and built that conclusion into his sentence as a factor in mitigation.

Polzin again appeals, this time challenging the grant of summary judgment on a variety of grounds. But we need not discuss his contentions because the premise of his amended complaint—the premise the district court accepted as valid—is unsound. Polzin's amended complaint, no matter how many ways he packages his allegation or the number of constitutional amendments he thinks the defendants violated, boils down to the simple accusation that the prosecutor and investigator did a poor job of investigating his allegation of childhood sexual abuse and then "falsely" told the sentencing judge that his allegation was not substantiated. But the defendants had no constitutional duty to investigate Polzin's allegation thoroughly or, indeed, *at all.* The Due Process Clause, whether generally or as

interpreted in *Brady*, does not impose a constitutional duty on the state to search for, or assist a defendant in developing, mitigating evidence. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989); *United States v. Gray*, 648 F.3d 562, 567 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 1056 (2012); *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002); *United States v. Senn*, 129 F.3d 886, 893 (7th Cir. 1997), *abrogated on other grounds by United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012); *United States v. White*, 970 F.2d 328, 337 (7th Cir. 1992). Polzin was free to argue at his sentencing that he suffered sexual abuse which mitigated his own commission of that crime, but the defendants had no constitutional duty to endorse this contention or to assist Polzin in developing evidence to prove it. Accordingly, although we agree with the district court that Polzin failed to produce evidence at summary judgment that would have allowed his complaint to go forward under any theory, the amended complaint fails to state a claim and should have been dismissed for that reason.

We have reviewed Polzin's other contentions and conclude that none has merit.

**AFFIRMED**.