NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 19, 2014[*]
Decided March 20, 2014

**Before**

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-3368

| | |
|---|---|
| DENNIS L. LEWIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, |
| | Eastern Division. |
| *v.* | |
| | No. 13cv6746 |
| MARGARET J. MULLEN, | |
| *Defendant-Appellee.* | James B. Zagel, |
| | *Judge.* |

**O R D E R**

In this damages action under 42 U.S.C. § 1983, Dennis Lewis claims that Margaret Mullen, a circuit judge in Lake County, Illinois, violated his civil rights in 2005 by dismissing his state-court lawsuit against agents of the United States Secret Service

---

[*] The defendant was not served with process in the district court and is not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. *See* FED. R. APP. P. 34(a)(2)(C).

instead of granting his request for a default judgment.[1] In that 2005 case Lewis had alleged that unnamed Secret Service agents conspired with local police, extremist groups, and domestic and foreign intelligence agencies to harass him because he exposed espionage and treasonous acts by law-enforcement officials. *See Lewis v. Secret Service*, No. 05 L 274 (Ill. Cir. Ct. Sept. 7, 2005). The district judge misread Lewis's federal complaint and thought Lewis was instead upset about an interlocutory ruling Judge Mullen had made in a second suit Lewis filed in Lake County in 2005. This second case, which named the Chicago Police Department as defendant, was removed to federal court and dismissed. *See Lewis v. Chicago Police Dep't*, No. 1:05-cv-02790 (N.D. Ill. Jan. 30, 2006) (dismissing suit originally filed in Lake County as case number 05 L 287).

Because the district court confused the two Lake County lawsuits, the court understandably dismissed the § 1983 complaint against Judge Mullen with prejudice on the ground of absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). That resolution would be unassailable if Lewis's federal complaint did concern Judge Mullen's interlocutory ruling in the suit against the Chicago Police Department, which eventually ended with a final judgment in federal court. In fact, though, Lewis's federal complaint against Judge Mullen essentially seeks to overturn the state-court judgment she entered in the Secret Service lawsuit. For this reason the district court should have dismissed the § 1983 complaint against Judge Mullen under the *Rooker-Feldman* doctrine, *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), since immunity defenses are merits-based and, thus, secondary to subject-matter jurisdiction, *see Johnson v. Sup. Ct. of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Levin v. Attorney Registration & Disciplinary Comm'n of Sup. Ct. of Ill.*, 74 F.3d 763, 765, 768 (7th Cir. 1996); *Grossgold v. Sup. Ct. of Ill.*, 557 F.2d 122, 125 (7th Cir. 1977).

That said, we see no reason to modify the judgment, even though the absence of subject-matter jurisdiction ordinarily results in dismissal without prejudice. In his appellate brief Lewis has ignored the district court's analysis and thus waived objection to the application of judicial immunity. *See G & S Holdings LLC v. Cont'l Cas. Co.*, 697

---

[1] Lewis, who says that he suffers from schizophrenia and post-traumatic stress disorder, previously had tried to sue Judge Mullen and many other Illinois residents in federal court in Philadelphia, Pennsylvania. That case was terminated before service of process because Lewis did not pay the filing fee. *See Lewis v. Mullen*, No. 2:13-cv-01657-MAM (E.D. Pa. Apr. 1, 2013).

F.3d 534, 544 (7th Cir. 2012); *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 651–52 (7th Cir. 2011). Accordingly, the judgment is **AFFIRMED**.