NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016[*]
Decided June 17, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-2886

| | |
|---|---|
| WINFRED OLIVER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| | |
| *v.* | No. 13-1457 |
| | |
| RANDY PFISTER, et al., | James E. Shadid, |
| *Defendants-Appellees.* | *Chief Judge.* |

## O R D E R

Winfred Oliver, an Illinois prisoner, challenges the dismissal of his complaint under 42 U.S.C. § 1983, alleging that his disciplinary proceeding on child pornography charges did not provide the process that he was due, and that his request for leave to amend his complaint was wrongly denied. We affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

In April 2011, while Oliver was incarcerated in the protective-custody unit at Pontiac Correctional Center, prison officials found in his cell two pornography magazines with children's faces pasted on the bodies of naked adults, loose photographs of young nude men, and an album with images of children cut from magazines. A reporting officer wrote a disciplinary report about the incident, and Oliver was charged with breaking a prison rule against violating federal or state law, specifically the Illinois child pornography statute, see 720 ILCS 5/11-20.1. Oliver submitted a written defense and pleaded not guilty during an Adjustment Committee hearing. The committee found Oliver guilty and issued a final report, which summarized Oliver's defenses, stated (incorrectly, according to Oliver) that no witnesses were requested, and concluded that Oliver's admitted conduct of putting actual children's faces on photos of adult bodies violated the Illinois child pornography statute. Among the punishments Oliver received were a one-year term of disciplinary segregation and a one-year loss of good-time credit.

Oliver brought this suit against ten prison employees, asserting due process violations in connection with his disciplinary proceeding. He alleged that the defendants mistakenly applied the state child pornography law to his conduct when they (1) punished him for having images of children's faces pasted onto naked adult bodies, (2) did not allow him to present documentary evidence that the naked male images found in his cell were of legal-aged adults, and (3) did not allow him to question the reporting officer, either in person or through a written interrogatory he had submitted. Oliver also alleged that the conditions of his disciplinary segregation constituted cruel and unusual punishment and violated his right to equal protection, but he has since abandoned those contentions and we do not address them further.

At screening, see 28 U.S.C. § 1915A, the district court dismissed Oliver's due process challenge, which related to the procedures that were followed in his prison disciplinary hearing, for failure to state a claim. With respect to Oliver's claim that he was denied his right to call witnesses, the court found "no possibility" based on its review of Oliver's interrogatory that the reporting officer's testimony would have assisted Oliver's defense. As for Oliver's claim that the disciplinary officers failed to produce sufficient documentary evidence of his guilt or overlooked his own "relevant" evidence, the court found that he had received all the procedural protections he was due under *Wolff v. McDonnell*, and that there was "some evidence" in the record—namely in his own allegations and documents attached to his complaint—that supported a finding of guilt. The court allowed Oliver to proceed on his claim that he

was deprived of a protected liberty interest by being placed in disciplinary segregation for an extended period of time.

Oliver then moved to amend his complaint by adding information justifying his need to question the witness (the reporting officer) and by pointing to documents showing that the male images were legal. The district court denied this motion on grounds that amendment would be futile because the additional information did not cure the defects noted in the screening order. Oliver responded with two more motions. First, in a "motion for clarification," he asked the court to clarify what relief remained available to him based on his claim that the prison conditions deprived him of a liberty interest. He argued, as defendants had in their submissions, that no relief appeared available even if a liberty interest had been implicated by his placement in segregation because the court found that the disciplinary procedures that landed him there were sufficient. Second, one week later, he filed a motion to reconsider the denial of his motion to amend; in that motion he argued that he had sufficiently stated a due process claim based on the defendants' failure to call the reporting officer as a witness and their refusal to allow him to obtain and submit evidence of the legality of the male images. He also urged that there was no evidence of his guilt.

In response to Oliver's motion for clarification, the district court determined that there no longer was a need to develop a factual record on whether his placement in segregation implicated a liberty interest, because Oliver received all the process he was due in the disciplinary proceeding. As for Oliver's motion to reconsider, the court construed it as being brought under Federal Rule of Civil Procedure 59(e) (which was not correct because final judgment had not yet been entered) and denied it because it merely rehashed arguments that previously had been made and rejected.

On appeal Oliver primarily challenges the district court's conclusion that there was some evidence in the record to support the Adjustment Committee's finding that the reported violations of the Illinois child pornography statute occurred.[1] Due process, at a minimum, requires that the findings of a prison disciplinary committee be

---

[1] On appeal defendants do not assert the affirmative defense that this case is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 646 (1997), given the fact that Oliver seeks monetary damages for disciplinary actions that have yet to be invalidated. See *Polzin v. Gage*, 636 F.3d 834, 837–38 (7th Cir. 2011); *Carr v. O'Leary*, 167 F.3d 1124, 1126 (7th Cir. 1999). We therefore do not address this possibility.

supported by "some evidence" in the record—a standard below that required to support a criminal conviction. See *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–56 (1985); *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Oliver concedes that he pasted children's faces onto naked bodies of adults, but he argues that this action merely produced "virtual child pornography," the prohibition of which the Illinois Supreme Court found unconstitutionally overbroad in *People v. Alexander*, 791 N.E.2d 506 (Ill. 2003); see also *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) (holding unconstitutional the provisions of the Child Pornography Prevention Act of 1996 that ban virtual child pornography). Because the prohibition on virtual child pornography no longer is valid, Oliver continues, there was no evidence in the record to support the committee's finding that his actions violated the statute.

Oliver misapprehends the scope of *Alexander*'s holding. In that case, the Illinois Supreme Court held that the criminalization of pornography consisting of computer-generated depictions that appear to be children, or pornography that does not involve any actual, identifiable children, was unconstitutionally overbroad. *Alexander*, 791 N.E.2d at 511, 513–14. The category of pornography that Oliver's altered images fall into—pornography that "morphs" different parts of actual children's faces with adult bodies—is different from "virtual pornography" because it uses the faces of real children. *Id.* at 513; see *Ashcroft v. Free Speech Coal.*, 535 U.S. at 242. Based on the incident report and Oliver's own admission that he pasted faces from actual children onto naked adult bodies, we agree with the district court that "some evidence" in the record supports the disciplinary action taken by the prison.

Oliver also challenges the district court's conclusion that his proposed amended complaint failed to state a due process claim based on the denial of his request to call the reporting officer as a witness at his disciplinary hearing. But, as the district court explained, a prisoner has no right to call a witness whose testimony would be irrelevant, repetitive, or unnecessary. See *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Pannell v. McBride*, 306 F.3d 499, 502–03 (7th Cir. 2002); *Forbes v. Trigg*, 976 F.2d 308, 317–18 (7th Cir. 1992). Oliver sought the reporting officer's testimony in order to confirm the information already contained in the report and to reiterate the officer's opinion that Oliver violated the statute. But the officer's testimony was unnecessary because Oliver did not dispute the underlying facts of the charged misconduct. Since the requested testimony could not have aided Oliver's defense, the district court properly determined that its exclusion was harmless. See *Piggie*, 344 F.3d at 677–78.

Oliver also maintains relatedly that his proposed amended complaint stated a due process claim based on the denial of his request to present documentary evidence in his defense. He contends that he was not allowed the opportunity to verify the legal age of the men in some of the confiscated images—a task he proposed to perform by presenting a letter from the owner of the company that sold him the images. But Oliver presented this information to the committee in his written defense, and so we do not see how the proposed evidence would have helped his defense. And because the committee found Oliver guilty based on the pornographic magazine pictures that he altered with the children's faces, the additional evidence involving this other set of images would have done nothing to help his defense.

We have considered Oliver's remaining arguments and none has merit.

AFFIRMED.