**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 22, 2019*
Decided April 23, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-3464

| | |
|---|---|
| AKIL JACKSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 17-C-1515 |
| BLOOMFIELD POLICE DEPARTMENT, et al., *Defendants-Appellees*. | Lynn Adelman, *Judge*. |

**O R D E R**

Akil Jackson was convicted in Wisconsin of driving while intoxicated. He sued people and municipalities involved in his conviction, seeking damages under 42 U.S.C. § 1983. The district judge dismissed two defendants for lack of service and dismissed the others because either they were immune from suit or not suable parties under § 1983, or because Jackson failed to state a claim against them. We affirm.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Jackson alleges that local police, prosecutors, and a judge conspired to unjustly convict him of drunk driving in 2013. As he tells it, he never drove drunk. Instead, he was smoking a cigarette in his car when a police officer arrested him without probable cause, stole money from his car, and then fabricated evidence against him. He also alleges that the police chief hid evidence of the officer's misdeeds, the local prosecutor maliciously prosecuted him, and the judge made several errors during the trial.

When Jackson failed to upend his conviction on appeal in state court, he turned to federal court. He sued the Bloomfield Police Department, the arresting officer, the police chief, the Walworth County District Attorney's Office, the assistant district attorney, the Walworth County Circuit Court, and the trial judge. The district court dismissed the suit in stages. The assistant district attorney and the trial judge, the court determined, were entitled to absolute prosecutorial and judicial immunity. The court dismissed the claims against the district attorney's office and the circuit court because each was an arm of the state of Wisconsin and not a suable person under § 1983. (The judge applied the same rationale to the extent that Jackson was suing the prosecutor and judge in their official capacities.) Next, after twice warning Jackson that he must serve the arresting officer and police chief, the court dismissed the claims against those defendants without prejudice for lack of service. It also dismissed the claims against the Bloomfield Police Department because it is not suable under Wisconsin law. Jackson moved to amend his complaint to add claims against Walworth County, the Town of Bloomfield, and the City of Elkhorn, Wisconsin (which otherwise does not seem to be involved in this case). The court denied the motion. It ruled that the amendment would be futile because Jackson failed to allege a culpable policy or custom in those municipalities. See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). With no defendants remaining, the court entered judgment against Jackson.

Before reaching the merits of Jackson's appeal, we note a threshold problem that might have blocked this suit. Most—if not all—of Jackson's claims for damages from his conviction, if successful, could necessarily imply that the conviction is invalid and thus may be barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). But Jackson may no longer remain in custody under his conviction (his complaint lists a non-prison home address), and that may explain why the defendants have not raised the defense. See *Savory v. Cannon*, 912 F.3d 1030, 1035–38 (7th Cir. 2019), *reh'g en banc granted*, *opinion vacated* (Mar. 6, 2019) (discussing whether *Heck* applies to persons no longer in custody). Because *Heck* is not jurisdictional and can be waived, *Polzin v. Gage*, 636 F.3d 834, 837–38 (7th Cir. 2011), we bypass this question and proceed to the merits.

We review the dismissal of Jackson's suit for failure to state a claim de novo, taking Jackson's allegations as true. *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). We begin with Jackson's argument that the district court erred in denying his motion to proceed with a *Monell* claim against the Town of Bloomfield (and the other municipalities). "[L]eave to amend should be freely given," but "[d]istrict courts have broad discretion to deny [it] where … the amendment would be futile." *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012) (quoting *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)). Under *Monell*, a municipality cannot be liable for the actions of its employees unless the employees acted under a policy or custom of the municipality. 436 U.S. at 694. Jackson never alleged that the defendants were following a municipal policy or custom. In his brief on appeal, Jackson replies that he alleged "a pervasive, long standing practice," but he never describes the "practice." "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Jackson also argues that the district court erred in dismissing the claims against the individual defendants, but each argument fails for the reasons that the district court gave. He contends that the assistant district attorney and trial judge should not be immune from suit because they acted in bad faith. But there is no bad-faith exception to absolute immunity when, as alleged here, the judge acts within the scope of judicial authority and the prosecutor acts as an advocate. See *Rehberg v. Paulk*, 566 U.S. 356, 363 (2012). To the extent that Jackson attacks the judge's actual rulings during his trial, the attack would be jurisdictionally barred under the *Rooker-Feldman* doctrine. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The district court also permissibly dismissed without prejudice claims against the arresting officer and police chief because, despite two warnings that service was necessary, Jackson never served them. See FED. R. CIV. P. 4(m); *Cardenas v. City of Chicago*, 646 F.3d 1001, 1007 (7th Cir. 2011). Finally, Jackson argues that Wisconsin law authorizes his suit against the Bloomfield Police Department. Whether departments of a municipality can be sued is a question of state law, see *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (citing *McMillian v. Monroe Cty.*, 520 U.S. 781, 786 (1997)), and no Wisconsin law permits suits against departments or agencies of a town, see WIS. STAT. § 62.13 (statute governing police departments).

We have considered Jackson's other arguments, and none has merit.

AFFIRMED