**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2022[*]
Decided January 12, 2022

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 21-1863

| | |
|---|---|
| KENNETH RANEY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of |
| | Wisconsin. |
| | |
| *v.* | No. 20-cv-324-wmc |
| | |
| STATE OF WISCONSIN, *et al.*, | William M. Conley, |
| *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Kenneth Raney, who was convicted in Wisconsin of driving while intoxicated, sued the sheriff's deputy who arrested him, the sheriff's department, the prosecutor from his trial, and the State of Wisconsin, alleging constitutional violations with respect to his arrest and trial. The district court granted the defendants' motions to dismiss,

---

[*] We have agreed to decide the case without oral argument because the briefs and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

ruling that the State and prosecutor were immune from suit; the allegations did not support a claim against the county even if Raney had properly named it as a defendant; and that collateral estoppel barred Raney's claims against the deputy. We affirm.

In reviewing the dismissal of Raney's complaint, we accept his factual allegations as true and draw reasonable inferences in his favor. *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005 (7th Cir. 2017). A deputy from the Grant County Sheriff's Department stopped Raney's car after receiving a tip about erratic driving and watching him drift over the center line. Raney failed portions of a field sobriety test and admitted that he had consumed alcohol. During the stop (it is not clear when, in relation to the arrest), the deputy searched Raney's car and envelopes within it. He then took Raney for a blood draw. A blood test days later—the sample stayed in the deputy's car in the meantime—showed a blood-alcohol level over the legal limit. Raney was charged with operating a vehicle under the influence of an intoxicant. *See* WIS. STAT. § 346.63(1)(a).

In his criminal prosecution, Raney moved to suppress the results of the field sobriety test, arguing that the test was unreliable and therefore did not create probable cause to arrest him. The state judge denied the motion and admitted the evidence at trial. A jury found Raney guilty, and the conviction was affirmed on appeal.

Raney next brought this action under 42 U.S.C. § 1983, claiming that the deputy violated his constitutional rights by stopping his car, searching it, and arresting him, all without probable cause, and by mishandling the blood sample that was tested for intoxicants. Raney also alleged that the prosecutor violated his due-process rights at trial by mischaracterizing details from the stop and presenting the blood-alcohol test results despite the mishandled sample. Last, Raney asserted that the sheriff's department failed to disclose reports in a timely manner and had allowed the deputy to work with a dashboard camera that it knew would not record audio. Raney requested that the district court overturn his state conviction and award damages.

The district court granted the defendants' motions to dismiss Raney's complaint. It concluded that the State was immune from suit under the Eleventh Amendment, as was the prosecutor in his official capacity.[1] The court also ruled that the prosecutor, in his individual capacity, had absolute immunity for the actions Raney challenged. The

---

[1] We pause to note that there was no need to reach the Eleventh Amendment. States or state officials acting in their official capacities are simply not "persons" under § 1983 and therefore cannot be named as defendants in a suit under that statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

district court next noted that the sheriff's department was not a suable entity and explained that, even if Raney had named the county instead, his allegations could not support a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Finally, the district court concluded that collateral estoppel barred Raney's claim against the deputy for the allegedly unconstitutional stop and arrest.

On appeal, Raney repeats his arguments that the stop, arrest, and search were unconstitutional, that he was deprived of his due-process rights at trial, and that he was harmed by the sheriff's department's failure to provide deputies with functioning dash cameras. The appellees reprise their arguments but also contend that Raney's entire action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which held that § 1983 cannot be used to seek damages under a theory that implies the invalidity of a standing criminal conviction. Our review of the dismissal is de novo. *Simpson*, 860 F.3d at 1005.

We agree that several of Raney's claims are barred under *Heck* and will not accrue unless Raney obtains relief from his conviction. Success on the claims arising from the trial—due-process violations and unreliable or unconstitutionally obtained evidence—would impugn the validity of his conviction. And although a *Heck* defense can be waived, *see Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011), we do not enforce waiver here. Raney does not argue he is prejudiced by the delayed assertion of the defense on appeal. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 632 (7th Cir. 2010). He had the opportunity to argue in a reply brief that *Heck* does not apply but he was silent on the subject. *See United States v. Webster*, 775 F.3d 897, 902 (7th Cir. 2015) (the defense of waiver can be waived). Further, dismissing under *Heck* benefits Raney: a claim barred by *Heck* must be dismissed *without* prejudice, allowing a future action if a claim ever accrues. *Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019). By contrast, dismissal under Rule 12(b)(6) would prevent him from bringing the claims again if his convictions were to be vacated. *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019). Thus, Raney's challenges to the fairness of his trial should have been dismissed without prejudice.

Although—contrary to the defendants' arguments—not all of Raney's claims are barred by *Heck,* we need not address the bulk of what remains. Raney does not challenge the reasons the district court dismissed his claims related to the dash camera or the constitutionality of his stop and arrest. As a result, while these claims fall outside the *Heck* bar, Raney waives any appellate arguments about them. *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018).

One claim remains. Raney alleges in "Ground Seven" of his complaint, and argues on appeal, that the deputy searched his car and personal possessions without a warrant, violating his Fourth Amendment rights. Outside a denial in the deputy's answer, none of the defendants addressed this Fourth Amendment issue. The district court stated only: "Raney also claims that [the deputy's] search was broader than necessary, but he does not allege that [the deputy] recovered any items of note from that search." Had Raney pursued the argument on appeal, it would not be *Heck*-barred because success would not necessarily undermine the validity of the criminal conviction. *See Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). But Raney's argument here and below is perfunctory and unsupported by any authority, and it is therefore waived. *See Gross v. Town of Cicero*, 619 F.3d 697, 704–05 (7th Cir. 2010).

Finally, Raney argues for the first time on appeal that the district judge should have recused himself based on his involvement in a previous case. This request is untimely. *See* 28 U.S.C. § 455(b)(1) (requiring a timely affidavit about a judge's "personal bias or prejudice"). It is also undeveloped and therefore waived. *See Gross*, 619 F.3d at 704–05.

We VACATE the judgment as it concerns the claims we have identified as *Heck*-barred, solely so that they can be dismissed without prejudice instead. Otherwise, we AFFIRM.