NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2022[*]
Decided February 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 21-2679

| | |
|---|---|
| ANDREW JAMES JOHNSTON,<br>    *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 17 C 6183 |
| JOHN DEVRIES,<br>    *Defendant-Appellee*. | John J. Tharp, Jr.,<br>*Judge*. |

**O R D E R**

Andrew Johnston, a federal prisoner, appeals from a summary judgment for Harwood Heights Police Chief John DeVries in this civil-rights action asserting false arrest and illegal search. The district court determined that Johnston's claims were barred under *Heck v. Humphrey.* 512 U.S. 477 (1994). We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

We construe the following facts, concerning Johnston's arrest, in the light most favorable to him. *See Gupta v. Melloh*, 19 F.4th 990, 997 (7th Cir. 2021). Late one afternoon in June 2017, DeVries, while working at the police station, received word of an attempted robbery of the nearby Byline Bank. Driving toward the bank, he learned through police-radio communication that the suspect was wearing dark clothing, a mask, and a black baseball-style cap with "Security" written across the front. After arriving at the bank, DeVries spoke with a witness and learned that the suspect fled the scene in an older car, a green-colored Buick or Pontiac, with an Illinois license plate.

Minutes later, a police officer responding to the robbery call spotted a green car matching dispatch's description. The officer pulled over the vehicle and detained its driver, Johnston. DeVries soon arrived, looked through the car's windows, and saw dark-colored clothing and a black "Security" cap behind the driver's side seat. DeVries took custody of Johnston and brought him back to the bank for a show-up, at which two witnesses identified him as the robber.

Less than two months later, Johnston sued DeVries for violations under the Fourth Amendment. *See* 42 U.S.C. § 1983. Johnson raised a false-arrest claim, asserting (as relevant here) that DeVries arrested him without probable cause because the 911 call reporting the attempted bank robbery was fabricated. He also accused DeVries of illegally searching and towing his vehicle. The district judge stayed the proceedings until Johnston's criminal case was resolved.

In January 2019, after a jury trial, Johnston was convicted of attempted bank robbery, 18 U.S.C. § 2113(a), and sentenced to 14 years' imprisonment. We affirmed his conviction and sentence. *United States v. Johnston*, 814 F. App'x 142 (7th Cir. 2020).

The judge in this civil case promptly lifted the stay and permitted the parties to proceed with discovery. Johnston filed multiple subpoenas, asking the police department to turn over evidence from the day of the robbery. Specifically, he sought the police-radio system's communications within a five-mile radius of his arrest site, as well as the department's relevant video and audio footage, including the 911 call. The judge denied Johnston's subpoenas, explaining that many of these records already had been provided to him in his criminal case, and Johnston had not disputed their authenticity.

DeVries moved for a summary judgment, arguing that Johnston's false-arrest and illegal-search claims were barred by *Heck v. Humphrey*. As DeVries argued, *Heck* held that a claim under § 1983 does not accrue as long as it would necessarily imply the invalidity of a criminal conviction, and Johnston's conviction had not been set aside or invalidated. *See* 512 U.S. at 486–87. The judge granted the motion and entered a summary judgment for DeVries. With regard to the false-arrest claim, the judge found implausible Johnston's argument that the officers lacked probable cause to arrest him based on a fabricated 911 call but, in any event, a finding that the 911 call was fabricated would call into question the validity of Johnston's conviction. As for the illegal-search claim, the judge similarly found that Johnston's alleged facts—that the dark clothing and "Security" cap were planted in his car after it was towed—were contrary to the evidence underlying his conviction.

On appeal, Johnston first challenges the denial of his subpoenas, arguing that the judge violated Rule 45(a)(2) of the Federal Rules of Civil Procedure, which requires "the court where the action is pending" to issue a subpoena. But Johnston misconstrues the rule. Rule 45(a)(2) specifies which court should issue a subpoena; it does not compel the appropriate court to issue the subpoena. *See, e.g., Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 264 (3d Cir. 2013). The judge acted within his discretion when he limited the scope of discovery and denied requests that were "unreasonably cumulative or duplicative." FED. R. CIV. P. 26(b)(2). As the judge noted, Johnston already possessed much of the police video and audio material from preparing his criminal case, and he did not show that he would be substantially prejudiced in his civil case without the newly requested materials. *See Jones v. City of Elkhart*, 737 F.3d 1107, 1116 (7th Cir. 2013).

Johnston next challenges the basis of the judge's summary judgment ruling by arguing that DeVries waived his *Heck* affirmative defense when he did not plead it in his answer. True, we have characterized *Heck*'s favorable-termination requirement as an affirmative defense subject to waiver, *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011); *cf. Garrett v. Murphy*, 17 F. 4th 419, 427 (3d Cir. 2021) (surveying split among circuits), but we also have held that a delay in asserting an affirmative defense waives the defense only if the plaintiff suffered harm as a result. *See Curtis v. Timberlake*, 436 F.3d 709, 711 (7th Cir. 2005). DeVries raised the *Heck* bar in his brief on summary judgment, and Johnston argued it on the merits in his response brief. Because Johnston had the opportunity to address *Heck* in his response, the judge appropriately exercised his discretion in concluding that Johnston did not show prejudice from DeVries's delay in raising it.

Johnston maintains that, even if DeVries did not waive the *Heck* argument, the judge wrongly granted DeVries's motion for summary judgment by relying on evidence from his criminal case that he asserts was "altered, incomplete, and fabricated." Johnston argues that the police department fabricated the 911 call reporting the attempted robbery and withheld important audio recordings from the day of his arrest. He also asserts that the arresting officer falsely testified that she matched Johnston's license plate information to dispatch's description before pulling him over.

The judge properly concluded that *Heck* barred Johnston's false-arrest claim. Although a false-arrest claim does not necessarily imply the invalidity of a conviction, the *Heck* bar will apply if the plaintiff's allegations are inconsistent with guilt. *See Mordi v. Zeigler*, 870 F.3d 703, 708 (7th Cir. 2017). Here, the facts alleged by Johnston—that the police officers lacked probable cause to arrest him because the 911 call was fabricated, and that the witness at the bank gave false testimony—call into question the validity of his underlying criminal conviction.

For the same reasons, the judge also properly concluded that Johnston's illegal-search claim is *Heck*-barred. Johnston's alleged facts—that DeVries and other officers planted the cap and clothing in his car after it was towed—contradict the testimony of DeVries and the arresting officer in the criminal proceeding. *See Johnston*, 814 F. App'x at 144. Both testified that they peeked through the car's windows and saw the black "Security" cap and clothes in plain view. Because Johnston's allegations necessarily imply the invalidity of his conviction, this claim too is barred by *Heck*.

We have considered Johnston's remaining arguments, and none has merit.

AFFIRMED