NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 5, 2022[*]
Decided May 10, 2022

**Before**

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-2510

| | |
|---|---|
| GREGORY ATWATER, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 21-cv-225-pp |
| JULIE NICKELS, et al., <br>     *Defendants-Appellees*. | Pamela Pepper, <br> *Chief Judge*. |

**O R D E R**

Gregory Atwater, a Wisconsin prisoner, appeals the dismissal of his complaint under 42 U.S.C. § 1983, in which he alleged that prison officials violated his right to due process when he was not permitted to present evidence at a disciplinary hearing. At screening, the district court concluded that the challenge, if successful, would imply the

---

[*] Appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

invalidity of the disciplinary proceeding and was therefore barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). Because *Heck* does not apply when a prisoner challenges a disciplinary sentence that does not affect the fact or duration of his imprisonment, we vacate the judgment and remand for further proceedings.

Atwater was charged with disorderly conduct after an altercation with guards. He was informed that the incident had been captured on surveillance video, and, through his staff advocate, he requested a hearing on the conduct report and to present the video and witness statements. At the hearing, his staff advocate was not present, so Atwater requested a postponement until he could present the video and witness statements, which he believed were exculpatory. The disciplinary hearing officer denied Atwater's requests and found him guilty of disorderly conduct. Atwater received 360 days in disciplinary segregation, a punishment later affirmed by the deputy warden, who also altered the offense from disorderly conduct to battery.

Atwater sued the guard who issued his conduct report, the hearing officer, the deputy warden, and the prison's superintendent, alleging that they deprived him of his right to due process under the Fourteenth Amendment by failing to give him access to the video and preventing him from presenting exculpatory evidence at his hearing. He also asserted that the deputy warden lacked authority to adjust his charge to a more serious offense after his conviction.

The district court dismissed the complaint at screening. *See* 28 U.S.C. § 1915A(a), (b). Although Atwater's complaint did not refer to his overall prison sentence, the court inferred that his release date had been extended because, under Wisconsin law, the disciplinary segregation necessarily had that effect. Because a successful suit could invalidate the disciplinary conviction—and thus, the court assumed, affect Atwater's extended release date—the court concluded that the claim was barred by *Heck*. 512 U.S. at 486–87; *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to state procedures that determine length of sentence). Atwater moved for reconsideration, *see* FED. R. CIV. P. 59(e), arguing that his complaint did not mention his release date and that the length of his sentence was unaffected. The district court denied the motion, and Atwater appeals.

As a threshold matter, we confirm the scope of this appeal and its timeliness, which we asked Atwater to address in a supplemental filing. Atwater filed a notice of appeal over two months after the district court entered judgment. But in the meantime, he filed a timely motion under Rule 59(e), which extended his time for appealing the

judgment. FED. R. APP. P. 4(a)(4)(iv). After the court ruled on the motion, Atwater satisfied the prison mailbox rule when he deposited his notice of appeal in the prison mail system, postage prepaid, within 30 days. *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). Therefore, despite its arrival after the deadline, his notice of appeal is timely as to both the judgment and motion. FED. R. APP. P. 4(a)(4), (c)(1).

We turn to our de novo review of the dismissal under § 1915A, *Smith v. Dart*, 803 F.3d 304, 308 (7th Cir. 2015), and Atwater's contention that *Heck* does not apply to his claim because the disciplinary conviction did not affect the duration of his sentence. He asserts that he is serving a "bifurcated sentence," which sets a minimum term of imprisonment followed by a term of extended supervision. *See* WIS. STAT. ANN. § 973.01. This type of sentence, Atwater asserts, rendered him ineligible for "good time" credit or any reduction of prison time. Therefore, he contends, the district court wrongly inferred an effect on his criminal sentence and erroneously applied the *Heck* bar.

The applicability of *Heck* is not plain from the face of the complaint. Generally, a prisoner suing under § 1983 over a disciplinary conviction must first have it overturned. *See Savory v. Cannon*, 947 F.3d 409, 413 (7th Cir. 2020) (en banc). But this favorable-termination requirement is an affirmative defense. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Although district courts can raise affirmative defenses sua sponte, the applicability of the defense must be "so plain from the face of the complaint that the suit can be regarded as frivolous." *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 763 (7th Cir. 2016) (quoting *Walker v. Thompson*, 288 F.3d 1005, 1009–10 (7th Cir. 2002)).

Atwater's complaint, however, does not mention the length of his prison sentence, as the district court noted in its order. He now asserts that his sentence could not be extended. That assertion is consistent with his pleadings, and so we may consider it on appeal. *Smoke Shop, LLC v. United States*, 761 F.3d 779, 785 (7th Cir. 2014). If Atwater's disciplinary sanctions do not implicate his criminal conviction or the duration of his sentence, then *Heck* does not apply. *Savory*, 947 F.3d at 423.

We take as true at the pleading stage Atwater's assertion about the irreducible nature of his criminal sentence, which is at least plausible. The district court relied on WIS. STAT. ANN. §§ 302.11(2)(a)–(b) to conclude that Atwater's mandatory release date was necessarily extended. But § 302.11(1z) specifies that prisoners serving bifurcated

sentences are not subject to those provisions. Without more information, we cannot determine with certainty how the statute applies to Atwater's sentence.[1]

Therefore, dismissal of the complaint at screening was improper if Atwater plausibly asserts the deprivation of a liberty interest without due process. *Lisle v. Welborn*, 933 F.3d 705, 720 (7th Cir. 2019); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 696 (7th Cir. 2009). Prisoners generally have no liberty interest in avoiding short-term placement in disciplinary segregation, but an interest may arise when "the length of segregated confinement is substantial and the record reveals that the conditions of confinement are unusually harsh" as compared to normal prison life. *Marion*, 559 F.3d at 697–98. In *Marion*, we recognized that an alleged 240-day segregation was substantial enough to require further inquiry into the conditions of confinement and allow the claim to proceed past screening. *Id.* at 694; *see also Marion v. Radtke*, 641 F.3d 874, 876 (7th Cir. 2011). We see no meaningful way to distinguish Atwater's allegations with respect to his even longer segregation. Therefore, the district court should allow service of the complaint.

We VACATE the judgment and REMAND for further proceedings.

---

[1] It is possible for a bifurcated sentence to be extended under WIS. STAT. ANN. § 302.113(3)(a), but such an extension would not be automatic, as the district court said it would be. Additionally, the extension could not exceed the total length of his bifurcated sentence. *See* WIS. STAT. ANN. § 302.113(3)(a), (c). So, although it is not impossible (as Atwater says) for the disciplinary conviction to have extended his sentence, an extension would not be inevitable under the facts he pleads.